IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HOWARD WEISMAN, : | |
|     Plaintiff, : | |
| : | |
| v. : | Civil No. 5:20-cv-06100-JMG |
| : | |
| PAUL BAUR, Wyomissing Borough Police : | |
| Detective, *et al.*, : | |
|     Defendants. : | |

**MEMORANDUM OPINION**

**GALLAGHER, J.**                                                                 **August 4, 2021**

Plaintiff Howard Weisman, proceeding *pro se*, raises claims against seven defendants who purportedly colluded to commit "violations of professional conduct, ethics, misdemeanors & felonies." Am. Compl. ¶ 23, ECF No. 11.[1] For the reasons set forth below, we will order Plaintiff to show cause why the case should not be dismissed for lack of subject matter jurisdiction.

**I.        ALLEGATIONS**

Plaintiff brings claims against Wyomissing Borough Police Detective Paul C. Baur, the Borough of Wyomissing, three employees of a Wyomissing diner—George Zeppos, Eleny Zeppos, and Desiree Dahms-Gehr—and the employees' counsel (collectively, "Defendants"). *See id.* ¶¶ 2–6. The case arises from "an un-related employment dispute" between Plaintiff and the diner employees. *Id.* ¶ 2.

Defendants allegedly conspired to intimidate Plaintiff instead of settling the dispute. *Id.* ¶¶ 3, 6–8. To that end, Detective Baur personally delivered a letter to Plaintiff that cautioned him

---

[1] Plaintiff attached a First Amended Complaint to his proof of service. *See* ECF No. 11. We will treat the First Amended Complaint as the operative pleading. In any event, both the original and the amended complaint suffer the same jurisdictional defects.

not to "step foot on any of the properties owned or managed by Mr. and Mrs. Zeppos and to have no contact with them or their families or employees." Am. Compl. Ex. A; Am. Compl. ¶ 14. Plaintiff alleges that this "message of intimidation" prevented him "from asserting his rights to pursue legal remedy & free speech." Am. Compl. ¶¶ 6, 23. In support, Plaintiff invokes five federal criminal statutes along with a federal regulation that proscribes abuse of office by those who act or purport to act in an official capacity for an Indian tribe. *Id.* ¶¶ 9–10.

## II. DISCUSSION

Although Defendants recently filed a motion to dismiss, *see* Mot. 7–14, ECF No 13-2, we are "obliged to address issues of subject-matter jurisdiction *sua sponte*." *Minford v. Berks Cnty. (Inc.)*, No. 14-mc-224, 2014 WL 4858112, at *1 (E.D. Pa. Sept. 29, 2014) (citing *Trent Realty Assocs. v. First Fed. Sav. & Loan Ass'n of Phila.*, 657 F.2d 29, 36 (3d Cir. 1981)); *see also Grp. Against Smog & Pollution, Inc. v. Shenango Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) ("[A] court may raise jurisdictional issues *sua sponte*."). If we lack subject matter jurisdiction, we must dismiss the action. FED. R. CIV. P. 12(h)(3); *see also Hartig Drug Co. Inc. v. Senju Pharm. Co. Ltd.*, 836 F.3d 261, 267 (3d Cir. 2016) ("[F]ederal courts have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." (internal quotation marks and citation omitted)).

"Federal district courts have subject matter jurisdiction over civil actions that arise (1) under the Constitution, laws or treaties of the United States (*i.e.*, federal question jurisdiction), or (2) between citizens of different states where the matter in controversy exceeds $75,000 (*i.e.*, diversity jurisdiction)." *City of Newark v. Lawson*, 346 F. App'x 761, 763 (3d Cir. 2009) (citing 28 U.S.C. §§ 1331, 1332). Plaintiff pleads that he is a Pennsylvania citizen. Am. Compl. ¶ 1. The Borough of Wyomissing is not a citizen of a different state, so diversity jurisdiction does not exist

here. *See Prater v. Am. Heritage Fed. Credit Union*, 351 F. Supp. 3d 912, 918 (E.D. Pa. 2019) ("Diversity jurisdiction requires complete diversity, which in turn requires that no plaintiff be a citizen of the same state as any defendant." (internal quotation marks and citation omitted)).

We therefore turn to federal question jurisdiction. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). "For a claim to arise under the Constitution, laws or treaties of the United States, a right or immunity created by the Constitution or laws of the United States must be an essential element of the plaintiff's claim." *In re Orthopedic Bone Screw Prods. Liab. Litig.*, 939 F. Supp. 398, 399 (E.D. Pa. 1996) (citing *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127 (1974)). "Furthermore, the cause of action must be created by the federal law or the vindication of a right under state law must turn upon the construction of that federal law." *Id.* (citing *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 808 (1986)).

Here, Plaintiff does not raise any claims that would confer federal question jurisdiction. All the criminal statutes cited by Plaintiff "do not provide, explicitly or implicitly, private civil causes of action."[2] *Jung v. Bank of Am., N.A.*, No. 3:16-cv-00704, 2016 WL 5929273, at *3 (M.D. Pa. Aug. 2, 2016) (explaining that 18 U.S.C. §§ 241–242 and 18 U.S.C. § 371 do not provide private civil causes of action); *Nayak v. Voith Turbo, Inc.*, No. 1:14-cv-01053, 2015 WL 1605576, at *19 (M.D. Pa. Apr. 9, 2015) (same as to 18 U.S.C. § 201); *Humphrey v. Pa. Ct. of Common Pleas of Phila.*, No. 20-cv-2335, 2021 WL 268498, at *2 n.3 (E.D. Pa. Jan. 27, 2021) (same as to

---

[2] The First Amended Complaint cites the following federal criminal statutes: 18 U.S.C. § 201 (bribery of public officials and witnesses), 18 U.S.C. § 241 (conspiracy against rights), 18 U.S.C. § 242 (deprivation of rights under color of law), 18 U.S.C. § 371 (conspiracy to commit offense or to defraud United States), and 18 U.S.C. § 2261A (stalking).

18 U.S.C. § 2261A). Neither does the cited regulation.[3] *See Taverna v. Palmer Twp.*, No. 5:20-cv-0812-JDW, 2020 WL 5554387, at *4 (E.D. Pa. Sept. 16, 2020) (describing 25 C.F.R. § 11.448 as a regulation "that do[es] not allow private individuals to bring suit").

Construing the First Amended Complaint liberally as one invoking 42 U.S.C. § 1983—indeed, Plaintiff makes reference to a violation of his rights—fares no better. *See Draper v. Darby Twp. Police Dep't*, 777 F. Supp. 2d 850, 856 (E.D. Pa. 2011) ("[T]his court is bound to give a liberal construction to pro se pleadings."). This is because Section 1983 "is not a jurisdictional statute; it only fashions a remedy." *Gonzalez v. Young*, 560 F.2d 160, 164 (3d Cir. 1977); *see also* 6 FED. PROC., L. ED. § 11:287 (explaining that Section 1983 "only fashions a remedy and is not a jurisdictional statute so that persons asserting claims thereunder must look to other authority to obtain jurisdiction").

Again, the problem here is that the cited federal regulation and criminal statutes do not provide private causes of action, and Section 1983 "does not in and of itself create substantive rights." *Digianvittorio v. D'Antonio*, No. 96-6781, 1997 WL 13681, at *4 (E.D. Pa. Jan. 13, 1997). Alleged violations of these criminal and regulatory authorities, therefore, do not provide a basis on which we can exercise subject matter jurisdiction, even under a Section 1983 framework. *See, e.g.*, *Greene v. Sch. Dist. of Phila.*, No. 17-5444, 2019 WL 12117147, at *1 n.1 (E.D. Pa. Mar. 25, 2019) (dismissing Section 1983 action for lack of subject matter jurisdiction).

## III.   CONCLUSION

For the foregoing reasons, it appears that we lack subject matter jurisdiction over this action. That being said, "when addressing the issue of subject-matter jurisdiction *sua sponte*, courts should ordinarily give the plaintiff 'notice and an opportunity to respond.'" *Minford*, 2014

---

[3]   The First Amended Complaint cites 25 C.F.R. § 11.448.

WL 4858112, at *6 (quoting *Schneller ex rel. Schneller v. Fox Subacute at Clara Burke*, 317 F. App'x 135, 138 (3d Cir. 2008)).  Accordingly, we will afford Plaintiff twenty-one (21) days to file a response explaining how we have subject matter jurisdiction over this action.  An appropriate order follows.

        BY THE COURT:

        */s/ John M. Gallagher*
        JOHN M. GALLAGHER
        United States District Court Judge